## Restansky *v.* City of Philadelphia, Appellant.

*Negligence—Municipalities—Defects—Streets—Case for jury.*

In an action to recover damages for personal injuries, sustained in stepping into a hole in the city street, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the accident occurred at nighttime: that the plaintiff did not know of the hole in the street: and that she looked where she was going and could not see it.

Argued March 16, 1923. Appeal, No. 57, Oct. T., 1923, by defendant, from judgment of Municipal Court of

56, (1923).]    Statement of Facts—Opinion of the Court.

Philadelphia, Oct. T., 1922, No. 371, on verdict for plaintiff in the case of Elizabeth Restansky v. City of Philadelphia.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,500, which was subsequently remitted to $1,500 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Joseph J. Tunney,* Assistant City Solicitor, and with him *William M. Stewart, Jr.,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellant.

*Harry A. Gorson,* for appellee.

OPINION BY GAWTHROP, J., April 16, 1923:

Plaintiff, a woman of twenty-two, left her home on May 26, 1922, at about 9:30 p. m. intending to visit a friend.  As she was crossing Dickinson Street, Philadelphia, her foot entered a hole in the street, that had existed for a long time, and the result was that she fell and sustained injuries causing damages for which she seeks compensation.  A verdict for $2,500 was rendered.  All above $1,500 was remitted and judgment was entered for that amount.

Complaint is made that: 1, the plaintiff was guilty of contributory negligence as matter of law; 2, the verdict was excessive; 3, the court erred in his charge upon the measure of damages.  No point for binding instructions was filed, and the appellant does not have an exception on the record.  It follows that all of the assignments

Opinion of the Court.    [81 Pa. Superior Ct.

are defective, and we might dispose of the appeal on that ground. But we have considered the points raised and have decided that the case would have to be affirmed if all the questions suggested were properly raised. The accident happened at night. Plaintiff testified that she did not know of the hole in the street; that she was looking where she was going and could not see it. It would have been error for the trial judge to have held her guilty of contributory negligence. The charge was free from error and the verdict upon which judgment was entered is not disproportionate with the evidence.

All of the assignments of error are overruled, and the judgment is affirmed.